UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHY MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 11-11772-FDS |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION d/b/a AMTRAK, ) | |
| RAYMOND CIARLO, GEOFFERY RICCI, ) | |
| CAROLE HENLEY, PENNEY RICKEY, ) | |
| MICHAEL CLARK, CHARLES HUNTER, ) | |
| and MELISSA LIBBY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO AMEND AND DEFENDANTS' MOTION TO DISMISS

SAYLOR, J.

I. **Background**

This is an action alleging unlawful employment discrimination and retaliation. Plaintiff Cathy Morrison, appearing *pro se*, has brought suit against defendant National Railroad Passenger Corporation, d/b/a Amtrak, and several individuals. The complaint alleges claims of hostile work environment, discrimination, and retaliation on the basis of race, gender, and national origin.

Morrison filed an administrative charge with the Massachusetts Commission Against Discrimination on January 5, 2010, alleging that Amtrak discriminated against her on the basis of gender and national origin in violation of both state and federal law. On July 18, 2011, the charge was dismissed for lack of probable cause. Morrison filed this case on October 5, 2011.

On October 17, 2011, Morrison filed a second administrative charge with the MCAD, alleging discrimination based on race and gender as well as retaliation for filing her previous administrative charge. She amended her second MCAD charge on November 10 and December 14 to add additional acts of retaliation. On February 9, 2012, this case was stayed pending resolution of the second charge. On February 24, Morrison again amended the MCAD charge to add claims against Amtrak employees Raymond Ciarlo, Charles Hunter, and Carole Henley. She amended the charge a final time on September 25, to add claims against Geoffrey Ricci and Michael Clark.

At some point, Morrison also filed a parallel administrative charge with the Equal Employment Opportunity Commission.[1]

On March 28, 2013, the MCAD dismissed the second charge for lack of probable cause. Morrison filed an appeal, which was dismissed by the MCAD on June 30. Her charge with the EEOC remained pending at that time.

On June 18, 2013, Morrison filed an amended complaint in this action. On July 3, Amtrak filed a motion to dismiss the amended complaint. On July 19, Morrison filed a motion for leave to file a second amended complaint. Morrison's original complaint contained allegations relating to her first MCAD charge. Her first and second amended complaints contained allegations relating to both her first and second MCAD charges.

On November 18, 2013, the EEOC adopted the findings of the MCAD and sent Morrison a dismissal and notice of rights. The parties notified the Court on February 11, 2014, that the

---

[1] Neither party has provided documentation of Morrison's EEOC charge. Documents from MCAD, however, show a parallel proceeding with the EEOC, Docket No. 16-C-2012-00076, in connection with Morrison's second administrative charge. (*See* Docket No. 35, Exs. K, L).

EEOC had dismissed the action, and on February 26 the Court removed the stay.

The second amended complaint appears to allege claims of hostile work environment, retaliation, and discrimination in violation of Title VII of the Civil Rights Act of 1964 and Mass. Gen. Laws ch. 151B. In substance, the second amended complaint alleges that Morrison was subjected to harassment in her workplace by her supervisor and other employees of Amtrak based on her race, national origin, and gender, as well as unlawful retaliation.

## II.     Analysis

Title VII requires that an aggrieved employee file an administrative charge as a prerequisite to commencing a civil action for employment discrimination. *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009). The administrative process begins with the filing of an administrative charge before the EEOC or its state analogue (in this case, the MCAD). *See Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008). The employee may sue in federal court only if the EEOC dismisses the administrative charge, or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge. 42 U.S.C. § 2000e-5(f)(1); *see also Franceschi*, 514 F.3d at 85. "In either case, the EEOC must send the employee notice, in the form of what is known as a right-to-sue letter." *Franceschi*, 514 F.3d at 85. After receiving that notice, the employee has ninety days to bring suit in federal court. 42 U.S.C. § 2000e-5(f)(1).

Here, plaintiff filed an amended complaint (without leave of court) on June 18, 2013. At the time, her second administrative charge was still pending in front of the EEOC. On July 3, defendants moved to dismiss the amended complaint for failure to state a claim on the grounds (among other things) that her administrative remedies as to the new claims had not been

exhausted. Plaintiff then moved for leave to file her second amended complaint on July 19. Her charge was still pending with the EEOC at the time.

Under Title VII, the "unexcused failure to exhaust administrative remedies effectively bars the courthouse door." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005). "Administrative remedies [can]not be considered to [be] exhausted . . . until the EEOC issue[s] [the plaintiff] a right-to-sue-letter." *Franchesci*, 514 F.3d at 85 (citing 42 U.S.C. § 2000e-5(f)(1)). Therefore, without a right-to-sue letter from the EEOC, plaintiff had no right to amend her complaint to include any Title VII claims based on the allegations in her second administrative charge. Both her first and proposed second amended complaints suffer from this infirmity.

Accordingly, plaintiff's first amended complaint will be struck. Her motion for leave to amend will be denied without prejudice. *See Franceschi*, 514 F.3d at 86 (affirming summary judgment against Title VII plaintiff who filed his complaint before receiving an EEOC right-to-sue letter without prejudice as to any civil action he might bring after he exhausted his administrative remedies); *Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 14-15 (1st Cir. 2003) (non-prejudicial dismissal of prematurely filed Title VII claim warranted where plaintiff had not exhausted administrative remedies).[2]

That leaves plaintiff's initial complaint. As defendants contend, the complaint fails to meet the requirements of Fed. R. Civ. P. 8. Rule 8 requires that a complaint must contain (1) "a

---

[2] According to defendants, plaintiff's EEOC charge was dismissed on November 18, 2013. At that point, plaintiff would have been sent a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). On receipt of that letter, plaintiff had ninety days, or until February 16, 2014, to file a lawsuit. *See id.* Therefore, any amendment to the complaint in this case would now be barred because it is beyond the proscribed ninety-day period. However, the ninety-day period can be extended under the doctrines of equitable tolling or estoppel. *See Farris v. Shinseki*, 660 F.3d 557, 563 (1st Cir. 2011). The Court does not decide whether the ninety-day period can be extended in this case.

short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). A pleading that violates the principles of Rule 8 may be struck "within the sound discretion of the court." *Newman v. Massachusetts*, 115 F.R.D. 341, 343 (D. Mass. 1987) (internal quotation and citation omitted).

The complaint is disjointed and difficult to comprehend, and alludes only in a generalized fashion to the race, ethnicity, and gender of plaintiff's co-workers. It does not plead the facts with sufficient specificity or clarity to demonstrate an actionable claim by plaintiff under any federal or state employment discrimination law.

Nonetheless, the application of Rule 12(f) is not appropriate at this juncture. Motions to strike are disfavored and typically require a "gross violation" of Rule 8'' pleading requirements. *Newman*, 115 F.R.D. at 343-44. Indeed, motions to strike are rarely granted absent a showing of prejudice to the moving party. *See Kuehl v. F.D.I.C.*, 8 F.3d 845, 908 (1st Cir. 1993) (affirming dismissal where plaintiffs refused to comply with court order requiring them to file an amended complaint meeting the requirements of Rule 8(a)).

Accordingly, the Court will give plaintiff until April 28, 2014, to file an amended complaint that complies with the requirements of Rule 8(a), or otherwise to show cause why dismissal is not appropriate.[3] If she fails to do so, the Court will dismiss the case.

## III. Conclusion

For the foregoing reasons, plaintiff's first amended complaint is struck. Plaintiff's motion for leave to amend is DENIED without prejudice as to its renewal. Defendants' motion

---

[3] Plaintiff's amended and second amended complaints also do not appear to meet the requirements of Rule 8(a).

5

to dismiss the first amended complaint is DENIED without prejudice as to its renewal. Plaintiff is directed to file an amended complaint that conforms to the requirements of Rule 8(a), or otherwise to show cause why dismissal is not appropriate, by April 28, 2014. If plaintiff fails to do so, the complaint will be dismissed.

**So Ordered.**

Dated: March 31, 2014

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge